UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- :
DIANA MULTARE and ERIC HOUSTON, as :
Power of Attorney for DIANA MULTARE and : Case No.: 25-cv-9628
Individually, :
   :
                             Plaintiff, :
         v. :
   :
SUNRISE SENIOR LIVING MANAGEMENT INC., :
SUNRISE SENIOR LIVING SERVICES INC., and :
THE APSLEY, :
   :
                             Defendants. :
---------------------------------------------------------------- :

# NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Pursuant to 28 U.S.C. § 1441, defendants Sunrise Senior Living Management, Inc. ("SSLMI"), Sunrise Senior Living Services, Inc. ("SSLSI"), and GWC-Broadway 85th Inc. d/b/a The Apsley, hereby remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. Plaintiff commenced an action in the Supreme Court in the State of New York, New York County. That lawsuit was identified in that court as *Diana Multare and Eric Houston as Power of Attorney for Diana Multare and individually v. Sunrise Senior Living Management Inc., Sunrise Senior Living Services, Inc., and The Apsley*, bearing index number 160425/2025 (the "State Court Action"). (Summons with notice of 8/5/2025, NYSCEF 1, **Exhibit 1**.)

2. No complaint was filed at the commencement of the action in August 2025. A complaint was subsequently filed in September 2025. (Complaint of 9/25/2025, NYSCEF 7, **Exhibit 2**.)

51053682v.2

3. The State Court Action may be removed, and is removed, to this Court under 28 U.S.C. § 1441.

4. This Court has original jurisdiction on the basis of diversity under 28 U.S.C. § 1332. Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is based upon the State Court Action involving a matter in controversy exceeding the "sum or value of $75,000, exclusive of interest and costs," and being between "citizens of different States."

5. **Diversity of parties**. With regard to citizenship of the parties, the following is relevant:

   a. Plaintiff Diana Multare is a resident of **New York**. (Complaint ¶ 5, **Exhibit 2**.)

   b. Plaintiff Eric Houston is a resident of **New York**. (*Id.* at ¶¶ 9-10.)

   c. Thus, the plaintiffs are citizens of **New York**.

   d. Defendant SSLMI is a **Virginia** corporation with its principal place of business in **Virginia**. For purposes of diversity of citizenship, as relevant to this case, "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Therefore, SSLMI is a citizen of **Virginia.** (*See* New York Entity Information re SSLMI, **Exhibit 3**.)

   e. Defendant SSLSI is a **Delaware** corporation with its principal place of business in **Virginia**. Therefore, SSLSI is a citizen of **Delaware** and **Virginia.** (*See* New York Entity Information re SSLSI, **Exhibit 4**.)

   f. Defendant The Apsley is not a legal entity. The Apsley is the assumed name registered to GWC-Broadway 85th Inc. (*See* New York Entity Assumed Name History, **Exhibit 5**.) GWC-Broadway 85th Inc. is a **Virginia** corporation with its principal place of business in **Ohio**. Therefore, GWC-Broadway 85th Inc. is a

-3-

citizen of **Virginia** and **Ohio.** (*See* New York Entity Information re GWC, **Exhibit 6**.)

g. As the above demonstrates, the State Court Action is between citizens of different states and there is complete diversity for purposes of 28 U.S.C. §§ 1332 and 1441.

6. **Amount in Controversy.** In the Second Circuit, the amount in controversy is calculated from the plaintiff's standpoint. *See, e.g., Rhythm of Life Corp. v. Hartford Financial Services Group Inc.,* 522 F. Supp. 3d 4 (S.D.N.Y. 2021). The preponderance of the evidence pertaining to the kind and extent of the alleged injuries and damages to be at issue in this case demonstrates that the amount in controversy from Plaintiffs' point of view exceeds $75,000, exclusive of interest and costs.

7. Plaintiffs responded to a "demand for Ad Damnum damages" in the context of New York CPLR 3017(c) by stating a dollar amount of $50 million in alleged damages. (*See* Plaintiffs' letter response pursuant to New York CPLR 3017(c), at 2, NYSCEF 10, **Exhibit 7**.) For context, in the State Court Action, under New York CPLR 3017(c), Plaintiffs were served with a Request For Demand Setting Forth Damages. (*See* Request For Demand Setting Forth Damages, NYSCEF 8, **Exhibit 8**.)

8. Plaintiffs' damages statement of $50 million demonstrates that the amount in controversy exceeds $75,000. The defense reserves the right to argue and prove that no damages were sustained or that, if any damages were sustained, they are less. Nevertheless, the monetary threshold for diversity jurisdiction is established.

9. **Timeliness.** Under 28 U.S.C. § 1446(b)(3) "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant of .

. . [an] other paper from which it may first be ascertained that the case is one which is or has become removable."

10. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.,* 624 F.3d 34, 38 (2d Cir. 2010). The *Moltner* case relevantly includes a fact pattern where the defendant served a demand "in accordance with New York C.P.L.R. § 3017(c)." *Id.* at 36.

11. Plaintiffs were served with a Request For Demand Setting Forth Damages. (*See* Request For Demand Setting Forth Damages, NYSCEF 8, **Exhibit 8**.) That demand explicitly states it is being made "under CPLR 3017(c)." *Id.*

12. On **October 29, 2025**, Plaintiffs' responded to a "demand for Ad Damnum damages" in the context of New York CPLR 3017(c) by stating a dollar amount of $50 million in alleged damages. (*See* Plaintiffs' letter response pursuant to New York CPLR 3017(c), at 2, NYSCEF 10, **Exhibit 7**.)

13. In light of Plaintiffs' allegation of $50 million in damages on October 29, 2025, the 30-day time period for removal expires on **November 28, 2025**, making this removal timely.



14. This action may be removed to this Court pursuant to 28 U.S.C. § 1441.

15. Defendants have already answered the complaint. (Amended Verified Answer of SSLMI, NYSCEF 13, **Exhibit 9**; Amended Verified Answer of SSLSI, NYSCEF 14, **Exhibit 10**; Verified Answer of GWC, NYSCEF 15, **Exhibit 11**.)

16. A copy of this notice of removal will be filed with the clerk of the Supreme Court of New York, New York County as required by 28 U.S.C. § 1441(d).

**WHEREFORE**, Defendants request that the State Court Action be removed to this Court, and that this Court issue such orders and process as are necessary to preserve its jurisdiction over this matter.

| | |
|---|---|
| Date: November 18, 2025 | Respectfully submitted,<br>s/Rafael Vergara<br>Rafael Vergara, Esq.<br>White and Williams LLP<br>810 Seventh Avenue, Suite 500<br>New York, New York 10019<br>Phone: 212-244-9500<br>E-mail: vergarar@whiteandwilliams.com<br>*Attorneys for defendants Sunrise Senior Living Management, Inc., Sunrise Senior Living Services, Inc. and GWC-Broadway 85th Inc. d/b/a The Apsley* |

To: Colleen Ni Chairmhaic, Esq.
    The Law Office of Collen Kerwick
    1178 Broadway, 3rd Floor, Suite 1245
    New York, New York 10001
    Phone: (917) 439-0836
    Email: attorneycolleenkerwick@aol.com
    *Attorneys for Plaintiffs*

    Clerk of Court
    Supreme Court of New York, County of New York

51053682v.2