UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/4/2025
```

------------------------------------------------------------X

DIANA MULTARE and ERIC HOUSTON, *as*
*Power of Attorney for DIANA MULTARE and*
*Individually*,

          Plaintiffs,

     -against-

SUNRISE SENIOR LIVING MANAGEMENT
INC., SUNRISE SENIOR LIVING SERVICES
INC., and THE APSLEY,

         Defendants.

------------------------------------------------------------X

25-CV-09628 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

  WHEREAS on November 18, 2025, the above-captioned case was removed from the Supreme Court of the State of New York, Dkt. 1;

  WHEREAS on November 19, 2025, Plaintiffs filed a Motion to Remand to State Court, alleging, among other things, that Defendants' removal was untimely, Dkts. 4-5;

  WHEREAS on December 2, 2025, Plaintiffs wrote to the Court to withdraw Plaintiffs' Motion to Remand, stating that "both parties concur that continued federal jurisdiction before Your Honor will best serve the interests of justice," Dkt. 14;

  WHEREAS 28 U.S.C. § 1446(b)(1) states, "The notice of removal of a civil action or proceeding *shall* be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter" (emphasis added);

WHEREAS this is "mandatory language," *Taylor v. Medtronic, Inc.*, 15 F.4th 148, 151 (2d Cir. 2021); *see also Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) ("The right to remove a state court action to federal court on diversity grounds is statutory, and must therefore be invoked in strict conformity with statutory requirements."); and

WHEREAS the Second Circuit has stated, "To read the removal statute as permitting late consent[1] would not only overlook the statute's clear language, but would also undermine the 'rapid determination of the proper forum,' which we have recognized as a goal of the removal procedures," *Taylor*, 15 F.4th at 151.

IT IS HEREBY ORDERED that the parties are ordered to show cause via a joint letter to the Court filed **no later than Monday, January 5, 2026**, why the above-captioned case should not be remanded for untimely removal.

IT IS FURTHER ORDERED that the briefing schedule for Defendants' response to Plaintiffs' Motion to Remand to State Court and Plaintiff's reply in further support, set via the Court's November 20, 2025, Order at Dkt. 11, is held in abeyance.

**SO ORDERED.**

Date:  **December 4, 2025**
　　　 **New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

[1]　*Taylor* involved the requirement contained in 28 U.S.C. § 1446(b)(2)(A) that all defendants who have been properly joined and served must consent to removal, not the 30-day deadline from service to file for removal. Nevertheless, the point of *Taylor* is that the parties must strictly comply with the removal requirements in order for the Court to have removal jurisdiction. *Taylor*, 15 F.4th at 151.