The Law Office of Colleen Kerwick
1178 Broadway, Third Floor, 1245
New York, New York 10001

January 5, 2026

**MEMO ENDORSED**

Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2026

Re            : Multare et al. v. Sunrise Senior Living
               Management Inc., et al.,
Case No.      :1:25-cv-09628 (VEC)

Dear Judge Caproni:

Pursuant to the Court's December 4, 2025 Order to Show Cause *(Dkt. 15),* Plaintiffs Diana Multare ("Prof. Multare") and Eric Houston ("Mr. Houston") respectfully submit this letter, with the consent of Defendants Sunrise Senior Living and The Apsley ("The Apsley"), in support of our position that continued federal jurisdiction before Your Honor will best serve the interests of justice.

**Factual Background:**

Prof. Multare, a ninety-two (92) year-old retired NYU professor, was temporarily admitted to The Apsley by her friend Mr. Houston on June 4, 2025. Mr. Houston was concerned as the hospital had discharged Prof. Multare home four (4) days after a heart attack with no supports on May 17, 2025. However, she didn't like The Apsley and within 24 hours sought to be discharged home. The Apsley restrained her for five (5) additional days, asserting incapacity to make decisions for herself or decide who can make decisions for her. Two independent psychiatrists later tested Prof. Multare and found no dementia. Prof. Multare and Mr. Houston allege that The Apsley is run by a private equity group who endeavored to gain control over Prof. Multare's generational wealth; *Defendants deny the allegations.*

**Threshold Value:**

The Apsley attempted to run a charge for eighty-seven thousand four hundred and two dollars and ninety-six cents ($87,402.96) for the six (6) day stay. Prof. Multare disputed the charge and offered to pay twelve thousand four hundred and thirty-five dollars ($12,435.00). The Apsley then waived their entire bill. When The Apsley were sued in wrongful restraint and defamation, they asked about damages for resolution purposes. The response was a recitation of catastrophic psychological damages from Prof. Multare being told that she may never be able to go home or make decisions for herself again. In addition, The Apsley were in contact with Prof. Multare's financial planner, with a concerning history before the Securities and Exchange Commission, who then withheld the interest on her principal proximately causing financial damages. It is further

claimed that The Apsley called Mr. Houston a "grifter", forever placing a question mark over his good nature and genuine acts of kindness. *Defendants deny the damages.*

**<u>Legal Application:</u>**

The Complaint filed in State Court contains an allegation that "[p]laintiffs seek compensatory and punitive damages in excess of the jurisdictional limits of the lower court to compensate for the damages sustained and to deter similar misconduct by [d]efendants herein". On its own, this language did not provide sufficient information for The Apsley to determine whether the state action crossed the federal diversity threshold amount of $75,000. *See Almonte v. Target Corp., 462 F. Supp. 3d 360 (SDNY 2020).* Where a complaint does not specify the amount of monetary damages sought, the time for removal under *28 U.S.C. § 1446(b)* begins with service of the first paper that explicitly states the facts establishing removability". *Moltner v. Starbucks Coffee Co., 624 F.3d 34(2nd Dept, 2010); Cutrone v. Mortg. Elec. Registration Sys., 749 F.3d 137 (2nd Circuit, 2014).* Prof. Multare and Mr. Houston's letter dated October 29, 2025 provided that they "can stipulate that the demand is in excess of the jurisdictional limits of the District Court to facilitate a removal of this action, should [The Apsley] perceive the New York State Supreme Court to be inhospitable to your Virginia-based corporate clients". *(Exhibit A).* At that time, The Apsley could intelligently ascertain removability *See Whitaker v. American Telecasting, Inc., 261 F.3d 196 (2d Cir. 2001).*

Accordingly, the October 29, 2025 letter was the first paper from which The Apsley could intelligently ascertain that the amount in controversy exceeded $75,000, rendering the November 18, 2025 Notice of Removal timely under *28 U.S.C. § 1446(b)*

Respectfully submitted,

Colleen Ní Chairmhaic, Esq.

The Court holds the November 18, 2025, removal timely.  Accepting the October 29, 2025, letter as the point at which removability was first established, the removal was effectuated within the 30-day timeline prescribed by 28 U.S.C. § 1446.  Plaintiffs' November 19, 2025, Motion to Remand is DENIED, and the Clerk of the Court is respectfully directed to close the open motion at Dkt. 4.

SO ORDERED.                    1/6/2026

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE